## Waller, &c. *vs.* Martin.

Case 23.

### APPEAL FROM MASON CIRCUIT.

ORD. PET.

1. Several were sued in trespass; process served on part only, who appeared and answered, and judgment against them. Held that the judgment was right, and not reversable because no disposition was made of the case as to others not served with process.
2. There is nothing in the 11th section of the charter of the Maysville and Lexington Railroad Company which authorizes the company to take possession of land of citizens before acquiring right thereto in the mode designated in the charter, and making compensation to the owner.
3. The legislature have no constitutional right to grant such a power, and this court will not give such a construction to a legislative act in a matter of doubtful construction.
4. Individuals entering upon the land of another, and trespassing, in the name, and assuming and claiming to act by the authority, of the corporation, in doing acts which the corporation had no legal right to do, are individually liable for their trespasses.

[The facts of the case are stated in the opinion of the court.—REP.]

*F. T. Hord* and *B. Monroe* for appellants—

The appellants resist a recovery against them individually, upon the ground that the company is liable, and not the officers acting under and by their authority in the discharge of a lawful duty; and that

the party must pursue the remedy pointed out by the charter to ascertain and recover the value of the land.

The 11th section of the charter expressly authorizes the president and directors, with their agents, engineers and surveyors, "to enter upon and take possession and use all such lands and and real estate as may be necessary for the construction and maintenance of the said railroad, and the accommodations requisite and pertaining to the same." "But all land and real estate thus entered upon and used by said corporation, and all earth, timber, stone, gravel and other materials needed by said company, shall be purchased of the owners thereof at a price to be mutually agreed upon between them; and in case of any disagreement of the owners as to the price of any land or materials 'so required for said road," * * * "application may be made by either said owners or said corporation, to any judge of circuit court, or any justice of county court," who shall issue his warrant and summon a jury, &c. "They shall justly value the damages which the several owners will sustain by the use or occupation of the lands or materials, and when the damages are paid or tendered for land assessed, the title to vest in the company for the purposes of way, &c.

Trespass is not the appropriate remedy in this case for the injury complained of. The remedy given in the charter must be pursued.

2. The instructions given by the court at the instance of the plaintiff are erroneous. They assume, in contradiction of the terms of the charter, that the defendants could not enter upon the land without first making compensation, and if they did first enter without having a jury, and paying the value of the land, that they were trespassers.

This view of the law of the case is in conflict with the charter, and would make every entry upon land to survey, lay out, and seek the most eligible location for the road, an act of trespass. Such was not

the intention of the legislature. (See *Rodgers & Mc-Gee vs. Bradshaw*, 20 *Johnson*, 737.) Chancellor Kent says the directors are to act with good faith and sound common sense, and then it was impossible for them to be guilty of trespass.

It is to be doubted whether the principle that private property is not to be taken for public use without just compensation, is to be understood to make a public officer, who enters upon private property by virtue of legislative authority specially given, for public purposes, a trespasser, because of his entry before the property has been paid for. It is not found that such a precedent has been established. The case of *Rogers and Bradshaw, supra*, is very full on this point. The supreme court of Maine, in the case of *Mason vs. The Kennebeck and Portland Railroad Co.*, 1 *vol. American Railroad Cases, page* 163, say: If the act of incorporation gave power to locate and construct the road, and in doing so they did not exceed the authority granted, their acts were not tortious; and the mode of settling the damages for any real estate taken for the purposes contemplated by the statute, when not agreed upon, are to be ascertained and determined by the county commissioners, under the same conditions and limitations as are by law provided in case of damages by laying out highways; and the land so taken is to be taken and held as land taken and held for public highways. The court farther say: It is well settled by the decisions of Massachusetts, before our separation from that commonwealth, and by other states, that when the legislature have authorized the laying out of a highway, or of other works deemed by them of public necessity and convenience, or when in their opinion it is for the public benefit, and in the construction thereof damages are supposed to result to the property of others, and a mode is pointed out by the statute for the ascertainment and payment of the same, the party so authorized is not a wrong doer, and the remedy for the person injured is confined to the

mode provided by the statute; and none exists at common law. (*Stovall vs. Flagg*, 11 *Mass. Rep* 364; *Stevens vs. Middlesex Canal*, 12 *Ib.* 446; *Cushing vs. Baldwin*, 4 *Wendell*, 667.)

So it is if the damages be a consequence of the public works, the damages are to be settled in the same way. (*Aldrick vs. The Cheshire Railroad Company*, 1 *American Railroad Cases*, 208.) In this case the court say, in substance, that a party acting within the scope of the authority conferred by a legislative enactment for the construction of public works, is not a trespasser. The supreme court of Pennsylvania sustains the same doctrine in the case of *Jourdan vs. The Philadelphia, Wilmington and Baltimore Railroad Company*, 2 *American Railroad Cases, p.* 212.

These authorities are relied on as sustaining the following propositions: 1. That the officer who acts under the charter is not a trespasser. 2. That the remedy to be pursued is that given by the charter. 3. That such acts of the legislature are not unconstitutional.

The circuit court erred in leaving to the jury questions of law for its decision, by telling it that unless the defendants pursued the law they were trespassers.

The court also erred in rendering judgment against all the defendants, when a portion of them had not answered, or been served with process, and were not before the court.

The court erred in overruling the motion for a new trial.

*R. H. Stanton* and *Tho. Y. Payne* for appellee—

The defendants were directors and officers of the Maysville and Lexington Railroad Company, and sued in their private capacity for damages resulting to the appellee from entering his premises, cutting through and building the railroad upon his lot, without his consent, or a legal condemnation of the land, and paying or tendering compensation therefor. A

verdict and judgment was rendered for the plaintiff below, a new trial moved for by the defendants, the motion overruled, and the case is brought to this court for revision.

1. Were the defendants, who commanded the trespass to be done, liable individually? It is insisted by appellee that they were.

·The Maysville and Lexington Railroad Company is a private corporation, created for an object of acknowledged public utility, by a charter from the legislature, in the granting of which the legislature could confer no greater power than it constitutionally had; and the corporation must be strictly confined to the powers granted. (4 *Peters*, 514.) And in the construction of acts of incorporation, they are always to be construed in such manner as not to exceed the powers granted. (*Sumner's Chancery Reports*, 47.)

Both the old and present constitution of Kentucky guard, in a special manner, the rights of property. Each provides *that no man's property shall be taken, or applied to public use, without the consent of his repr·sentative, and without just compensation previously made to him.* It is only under this provision that a power is claimed to take private property for public use, and under this it cannot be done until just compensation. be made. (8 *Dana*, 301.)

2. We insist that the legislature, by the charter referred to in this case, did not intend to confer any greater authority than it possessed and the constitution conferred; and that the provisions of the charter, and the constitution, when carefully compared, will not show any conflict. There is no ground to infer a design to confer on the company the power to enter upon and appropriate the land of another without just compensation being made. The court had decided, in the case of *Lexington and Ohio Railroad Company vs. O'Hara*, 1 *Dana*, 233, that such power could not be conferred. The same principle is reaffirmed in the case of the same company against

WALLER, &c.
vs.
MARTIN.

Applegate, and such is the unform current of the decisions of this court. But if in the construction of the provisions of this charter, this court should entertain a doubt upon the import of the language employed by the legislature, it is very clear that the court would adopt that construction which would render it consistent with the constitution.

A fair construction of the terms used in regard to *entering upon the land*, and such like terms, are sufficiently satisfied by permitting the entry with the legal means of making the condemnation in the prescribed m de. If the owner refuse to permit an entry, and the company desire to *enter upon*, take possession and use the land, it would seem to be their imperative duty, at least, simultaneously with the entry. to institute the necessary proceeding for ascertaining the damage, and, when ascertained, to pay it. This is the only legitimate and safe procedure for the owner of the land. By the consent of the owner. the company may enter, and leave the damages for future adjustment, either through a jury or by agreement, but without such consent the entry is unlawful unless for the purposes of assessment.

The company could only act in accordance with the powers conferred by the charter. (2 *A. K. Marshall*, 543; 2 *Cranch*, 127; 2 *Johnson*, 109.) Not having so acted in this case, they were trespassers.

The instructions of the court are believed to be the law applicable to the case. They only assert the constitutional provision as applicable to the case, and the further well settled principle, that if the defendants acted without authority, and did not pursue the law, that they were trespassers. Story says: "Where a person is clothed with authority as a public agent, it cannot be presumed that the government intended to justify, or even excuse, his violations of duty under color of that authority." (*Story on Agency*, 413–415.) If trustees or sub-agents be guilty of any act of trespass by direction of the trustees, they

are personally responsible. (*Story on Agency*, 418; *Hall vs. Smith*, 2 *Bingh*. 156.) So if commissioners acting under a law of Parliament, order that to be done which they have no authority to do, they are personally liable. (1 *Chitty*, 78.) *Parker vs. The Boston and Maine Railroad* also sustains the doctrine. (3 *Cushing*.) In *ex parte Eyre*, 3 *Newell & Manning*, 622, and *Mason vs. Kennebeck and Portland Railroad Company*, 31 *Mann*. 215. The same principle is recognized in the case of *The Plate Manufacturers vs. Meridith*, 6 *Term Reports*, 794.

In the states where charters have allowed companies to enter upon lands, &c., before the payment of compensation, their constitutions do not require payment to be first made, but only "that private property shall not be taken for public use without just compensation." The courts have decided, as in the case of *Dearing vs. New York and Cumberland Railroad Company*, 31 *Mann. Rep.* 172, that a constitutional provision like this, "does not prescribe that the compensation shall be made before the property is taken, or when it shall be made. The adjudications under these laws, of course, are not applicable to cases arising under the constitution of this state.

The facts of this case show the propriety of a strict application of the law to the defendants, who without authority have inflicted a great injury upon the plaintiff, and judicial protection is necessary to redress the injury.

Chief Justice MARSHALL delivered the opinion of the court:     June 27.

This action was brought by Martin to recover damages for an alledged trespass in entering upon his land, digging it up, and cutting a deep ditch in and through it, by which his house was endangered, &c. These acts were done in constructing a branch of the Maysville and Lexington railroad for the purpose of affording access to the river at the upper end of Maysville. The work and acts which constituted the injury and caused the damage complained of,

were done under the orders and by direction of the board of president and directors of the railroad company; and the action is brought, not against the company in its corporate capacity, but against the individuals who, as president and directors, ordered, and the engineers and agents or contractors who superintended and executed the work. No process was served upon the engineer and other subordinate agents, and they did not appear. But Waller and the other defendants who were served with process answered, saying they were not guilty, &c., and further, relying upon the charter of said company, approved the 4th of March, 1850, as authorizing them to make said branch road, to enter upon the land of individuals for the purpose of locating it, and for the purpose of constructing it, to take possession and use in its construction the land on which it was located, the charter providing that in case there is no agreement as to the price or value of the land, either party may resort to the mode prescribed for assessing its value, and the damage sustained by the location. They plead this provision in abatement of the remedy by action; and they further deny their responsibility as individuals, on the ground that in the construction of the branch road through the plaintiff's land, they were acting in their official capacity as president and directors of the road, in the name of the company and for it, and that the company should pay for the right of way for the road, and they should not be made liable for its debts.

A trial by jury was had, and a verdict and judgment rendered against the defendants for $400 in damages, and a new trial having been refused, the defendants have appealed to this court.

Although the judgment is against the defendants without discrimination, it is to be understood as a judgment against those defendants only who were served with process, all of whom answered. And as the plaintiff might have maintained his suit against any number of the defendants, and was by

1. Several were sued in trespass;process served on part only, who appeared and answered, and judgm't against

the Code entitled to a judgment against some without disposing of the case finally as to others, it is no available objection to the judgment that no notice is taken of the defendants who were not served with process, and no express disposition made of the case as to them.

The answer obviously places the defense entirely upon the questions of law: 1st. As to the right of the company to take the plaintiff's land for the construction of the road without previous compensation. 2d. As to the effect of the statutory provision for ascertaining the compensation and damages. And 3d, upon the freedom of the defendants from responsibility in consequence of the official character in which they acted. It is upon these grounds that their denial of being guilty as charged is understood to be based. If the company had the right claimed, the defendants could not be made personally liable, if acting for the company they caused the acts complained of to be done in the exercise of that right. They would be entitled to a verdict and judgment upon the uncontested fact that they did so cause it, and the question of their liability to the action would in no degree depend upon the alledged effect of the statutory provision for ascertaining the compensation, &c. But if the company had no right to take possession of the plaintiff's land, and construct their road upon it, without first making compensation therefor, then, upon the uncontested fact that these acts were done by order of the defendants, in the assertion of a right in the company which in law had no existence, the plaintiff would certainly be entitled to a verdict to the extent of the damage caused by the wrong; unless there could be a question whether in such a case the statutory remedy for the damages is the only one, or whether the defendants, by whose order and under whose directions the injurious acts were committed, were themselves exempt from liability, because they themselves acted as the official agents of a company which itself had no

them. Held that the judgment was right, and not reversable because no disposition was made of the case as to others not served with process.

WALLER, &c.
vs.
MARTIN:

2. There is
nothing in the
11th section of
the charter of
the Maysville
and Lexington
railroad compa-
ny, which au-
thorizes the
company to take
possession of
land of citizens
before acquiring
right thereto in
the mode desig-
nated in the
charter, and ma-
king compensa
tion to the own
er.

right either to do or to authorize the acts complained
of.

The fundamental question is, whether the corpo-
ration had the right which is claimed for it, and this
depends upon the questions whether the charter in-
tends or should be understood to confer the right,
and if it should be so construed by its own words,
the further question arises whether the constitution
admits of the grant of such a right to this corpora-
tion. The right is claimed under the 11th section of
the charter, the great length of which forbids its in-
sertion in this opinion. But we remark that although
its language is not as precise and definite as it should
be in expressing the terms or conditions on which
the right of the company to take possession of the
land on which they have located the road is to de-
pend, and although there are some expressions which
seem to provide for the case of the company's hav-
ing taken possession before acquiring the right to the
land, we think there is nothing in the section which
should be construed as authorizing this to be done,
and that the case is only mentioned as one which
might happen, and to which, if it should happen, the
provision for ascertaining the compensation and dam-
ages is applied. If this construction were more un-
certain than it is, or if a different intention on the
part of the legislature were more probable than
from the language used it appears to be, we should
reject the construction which, upon doubtful or inex-
plicit language, would derive the right to take land
without the consent of the owner, and without a
just compensation previously paid, because such a
construction would bring the enactment in direct
conflict with the constitutional prohibition contained
in the 12th section of the 10th article of the late
constitution and incorporated also in the new one.

The legislature had no right to authorize this com-
3. The legis-
lature have no
constitutional
right to grant pany to take land, the property of an individual, for
its own uses, without previous compensation. And
the intention should not be assumed upon any doubt-

ful construction. The 11th section of the charter contemplates a purchase of the right of way, or of the land necessary for it, and it is only in case of disagreement of the owners as to the price, or of some other impediment to the agreement or purchase, that either party may resort to the assessment by a jury of the value of the land, or materials so required, or *already appropriated,* and it is only by payment, or tender, or deposit, of the valuation that the company is to be entitled to the estate and interest valued. We cannot infer from these provisions any actual or intended violation of the constitutional prohibition by which the right of private property is protected against the exercise of the public power. And we conclude that although the legislature may have intended to provide a special mode of acquiring the estate and interest of the individual, even if the company should have first violated his rights, it did not intend to authorize such violation without the previous compensation required by the constitution. It may be inferred, that in case of such violation, the legislature intended that the company might, by resorting to the statutory proceeding for ascertaining the damages, &c., preclude the resort of the injured individual to any other remedy against the company. But if this were clearly so, and if such a legislative act be clearly constitutional, it would not follow that the mere privilege of the company to resort to the special proceeding, should forever preclude the other party from resorting to a different remedy even against the company. For, on the part of the individual, as well as of the company, the charter in this particular is permissive, and not imperative ; and it would be unreasonable to say that the company could, by merely refraining from the exercise of its privilege, confine the other party to a remedy to which the statute does not even inferentially restrict him, unless it is actually resorted to by the company.

such a power, and this court will not give such a construction to a legislative act in a matter of doubtful construction.

WALLER, &c.
*vs.*
MARTIN.

4. Individuals entering upon the land of another, and trespassing, in the name, and assuming and claiming to act by authority, of the corporation, in doing acts which the cor poration had no legal right to do, are individ- ually liable for their trespasses.

But the question here is not as to a remedy against the company, but as to the remedy against the individuals who acted in its name and under its supposed authority. They could not have been reached by the statutory proceeding, and the remedy against them, if they are liable at all, cannot be affected by the fact that against the company there might, or even must, have been a different and peculiar proceeding. Then assuming, as we do, that the injurious acts done under the order and direction of the defendants were unauthorized and illegal, and that the company had no right either to do or to order them to be done, the case is narrowed down to the question, whether the defendants are protected from liability for the damage produced by the illegal and injurious acts, because they acted in the name of the company as its official agents, and under its authority and supposed right. The law, in our opinion, concedes no such protection or exemption from liability. It is a well settled principle that the agent who does or causes the illegal act, cannot justify, by the command or authority of another who had no right to do or to authorize it. The ancient doctrine was that a corporation could not be sued for a trespass, because it could not commit one, but that the action must be against its agents who did the wrong. It is only to secure a more comple remedy to the injured party that in modern times a different doctrine has prevailed. But as the remedy against the corporation may be fruitless, and that against its agents or officers the only available one, it would be an inadmissible conclusion to say that because there may be a formal proceeding against the corporation, there is no remedy against the individuals who have occasioned the injury. The cases referred to as establishing a different doctrine, were decided in states whose constitutions do not require a previous compensation for private property taken for public use, and refer generally to cases arising under public

acts of the legislature, and not under statutes creating private corporations.

The verdict was authorized by the evidence, and although one of the instructions may be liable to the objection that it submits a question of law to the jury; yet, as they probably understood it differently, and as they decided the question correctly, and in accordance with this opinion, this objection is not now available, since the error, if it be one, was not prejudicial to the defendants.

Wherefore, the judgment is affirmed.